JOHN R. O'CONNOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connor v. Commissioner
Docket No. 24124-90
United States Tax Court
T.C. Memo 1992-410; 1992 Tax Ct. Memo LEXIS 432; 64 T.C.M. (CCH) 237; July 20, 1992, Filed *432 An appropriate order will be issued. Taxpayer (P) failed to file a petition in response to a deficiency notice (first notice) in which the Commissioner (R) determined a deficiency in income tax and certain additions to tax for 1986. R duly assessed the amounts so determined, but no amount thereof has been paid. After the expiration of the time within which a petition could have been filed in response to the first notice, R sent a second notice determining an I.R.C. sec. 6651(a)(1) delinquency addition for the same taxable year. P filed a petition in response to the second notice, requesting the Court to determine that P is entitled to credits for the assessed but unpaid amounts and also that P is not liable for the delinquency addition. R does not dispute P's ability to challenge the correctness of the deficiency determined by the first notice but challenges P's entitlement to the credits claimed in the petition's prayer for relief. Held, R's motion to strike the clauses in the petition's prayer for relief wherein the Court is asked to determine credits for assessed but unpaid amounts will be granted. Rule 52, Tax Court Rules of Practice and Procedure.
For Petitioner: B. Gray *433 Gibbs. For Respondent: Richard G. Goldman and Steve R. Johnson. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before the Court on Respondent's motion to strike filed pursuant to Rule 52. (Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, section references are to sections of the Internal Revenue Code in effect for the years in issue.) In addition to respondent's motion to strike and petitioner's notice of objection thereto, the parties have filed memoranda of law in support of their respective positions. The relevant facts are not in dispute and can be summarized as follows. Petitioner resided in California when he filed his petition. By statutory notice of deficiency (first notice), respondent determined a deficiency in and additions to petitioner's Federal income tax as follows: Additions to tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6661 1986
$ 72,666
[1] $ 3,633
$ 18,167
Petitioner did not file a timely petition for redetermination of respondent's deficiency determinations *434 in the first notice. As a consequence, respondent assessed the amounts of tax, additions to tax, and statutory interest for 1986 relating to the determinations made in the unpetitioned notice. See sec. 6213(c). Petitioner has not paid any part of this assessment. By a statutory notice of deficiency mailed after the time within which petitioner could have filed a petition in response to the first notice, respondent determined a further deficiency for 1986. See sec. 6212(c)(1). Specifically, respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) in the amount of $ 18,167 for delinquently filing his 1986 Federal income tax return. The addition to tax was computed solely with reference to the underlying deficiency for 1986 (i.e., $ 72,666) that was determined in the unpetitioned notice. Section 6212(c)(1) provides in pertinent part: (c) FURTHER DEFICIENCY LETTERS RESTRICTED. -- (1) GENERAL RULE. -- If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine *435 any additional deficiency of income tax for the same taxable year * * *. Thus, if a petition is filed in response to a deficiency notice in which a deficiency is determined, the Secretary is precluded from sending a second deficiency notice for the same year (with certain exceptions not here germane). The obvious corollary is that the Secretary is not so precluded if a timely petition responsive to the first deficiency notice is not filed. See Smoot v. Commissioner, 25 B.T.A. 1038, 1041 (1932). Within 90 days after the second notice was mailed, the Court received from petitioner a letter with the second notice attached. In the letter petitioner stated his intention of filing a petition for a redetermination of respondent's deficiency determination. The letter was filed by the Court as a timely petition for redetermination, but the Court by Order directed petitioner to file a proper amended petition that complied with the Rules of the Court as to form and content. Petitioner duly complied with the Order by filing an amended petition in proper form. In his amended petition, petitioner contests the section 6651(a)(1) addition to tax determined in the second *436 notice and recites facts sufficient to contest the amount of tax required to be shown on the 1986 return and the additions to tax previously determined in the first notice. The prayer for relief in the amended petition reads in part as follows: WHEREFORE, the Petitioner prays that the court * * * : (a) Determine that the Petitioner is entitled to a credit in the amount of $ 72,666.00 in income taxes with respect to the year 1986; (b) determine that the Petitioner is entitled to a credit in the amount of $ 3,633.00 relating to a negligence penalty previously assessed against the Petitioner pursuant to I.R.C. § 6653(a)(1)(A), plus the interest assessed against the Petitioner pursuant to I.R.C. § 6653(a)(1)(B); (c) determine that the Petitioner is entitled to a credit in the amount of $ 18,167.00 as a result of a substantial understatement penalty previously assessed against the Petitioner pursuant to I.R.C. § 6661; (d) determine that the Petitioner is not liable for any delinquency penalty; * * * Respondent filed a motion to strike paragraphs (a), (b), and (c) from the prayer for relief in the amended petition. (Hereinafter, paragraphs (a), (b), and (c) of the prayer for relief *437 will be referred to as "petitioner's credit claim".) Respondent seeks to strike petitioner's credit claim on the ground that this Court has no jurisdiction to determine a credit or overpayment of income tax and additions to tax for 1986 where petitioner has not made any payment thereof. Respondent does not seek to strike any of the allegations in the petition which relate to (i.e., dispute) the amount of tax required to be shown on the 1986 return or the challenge to the delinquency addition. Section 6651(a)(1) authorizes, among other things, an addition to tax in the case of failure to file an income tax return on the due date of an amount equal to 25 percent of the amount required to be shown as tax on the return if the return is not filed within 5 months of the due date. Such addition to tax is authorized unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. Petitioner contends that in order to establish the correct amount of the late filing addition, as determined by the second notice, it is necessary for the Court to consider the amount of tax required to be shown on the 1986 return. Respondent's memorandum states that "The *438 respondent's motion to strike does not dispute the petitioner's ability to examine in this case the correctness of the deficiency determined by the [first] notice." However, we know of no basis upon which we could hold that petitioner is entitled to credits for any amounts assessed but not paid. Petitioner cites no authority to support his prayer for relief in this regard, and we have found none. The amount of any overpayment determined by this Court is to be credited or refunded to the taxpayer only after the decision of the Court has become final. Sec. 6512(b)(1). Section 6512(b)(3), entitled "Limit on Amount of Credit or Refund", specifies that the allowance of a credit or refund, based upon an overpayment determined by the Tax Court, is preconditioned upon and limited to a payment or payments within various stated time periods. Rule 155(a) and (b) requires that when the parties submit a computation, whether agreed or unagreed, pursuant to the Court's determination of the issues showing the amount of an overpayment to be entered as the decision, the computation must include the amount and date of each payment. Thus, before petitioner could claim a credit or refund of an *439 overpayment, the Court must first have entered a decision (pursuant to the findings and conclusions of the Court) that there has been an overpayment which reflects the parties' computations to that effect, and which in turn must include the amount and date of any payment which fall within the limits set by section 6512(b)(3). Petitioner concedes that no part of the assessment has been paid, so in the present posture of the case there is no basis upon which the Court could enter a decision determining an overpayment. Petitioner also requests the Court to abate the assessment. Any such action is forestalled, however, by section 6404(b), which provides that "No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under subtitle A or B." (Subtitle A includes income taxes.) Rule 52 provides, among other things, that any insufficient claim may be stricken from a pleading. For the reasons given above, the three requests in the prayer for the determination of credits based on the unpaid assessments are insufficient claims, and respondent's motion to strike will accordingly be granted. An appropriate order will be issued. Footnotes
1. Plus an addition to tax under sec. 6653(a)(1)(B)↩ equal to 50 percent of the interest payable on the deficiency.